# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Francisco Fernandez (K80450)  )
_____)
             Plaintiff          )
                                )
           vs.                  )    Case No. _____
                                )    *(The case number will be assigned by the clerk)*
Rob Jeffreys; Kim Larson; Felicia )
Adkins; Robert W. Luecke;       )
Milissa Robbins; A. Friese;     )
Hanson; Travis Bayler           )
in their official capacities    )
_____)
_____)
                              , )
_____)
             Defendant(s)       )

**FILED**
AUG - 5 2020
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☐ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☒ Unknown _____

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Francisco Fernandez

Prison Identification Number: K80450

Current address: 3820 East Main Street, Danville Illinois 61834. Danville Correctional Center

For additional plaintiffs, provide the information in the same format as above on a separate page. *If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Rob Jeffreys

Current Job Title: IDOC Director

Current Work Address: 1301 Concordia Ct. Springfield, Illinois 62794

Defendant #2:

Full Name: Kim Larson

Current Job Title: Danville C.C. Warden

Current Work Address: 3820 East Main Street Danville, Illinois 61834

Defendant #3:

Full Name: Felicia Adkins

2

Current Job Title: Assistant Warden at Danville C.C.

Current Work Address: 3820 East Main St.
Danville, Illinois 61834

Defendant #4:

Full Name: Robert W. LUECKE

Current Job Title: Correctional Counselor II

Current Work Address: 3820 East Main St
Danville, Illinions 61834

Defendant #5:

Full Name: Milissa Robbins

Current Job Title: Records Office Supervisor

Current Work Address: 3820 East Main St.
Danville, ILLINOIS 61834

For additional defendants, provide the information in the same format as above on a separate page.

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒    No ☐

B. Defendants

Defendant #6
    Full Name: Mr. Friese, A
    Current Job Title: Counselor
    Current Work Address: 3820 East Main St., Danville, Illinois 61834

Defendant #7
    Full Name: Ms. Hanson
    Current Job Title: Counselor (House-1)
    Current Work Address: 3820 East Main St., Danville, Illinois 61834

Defendant #8
    Full Name: Travis Bayler
    Current Job Title: Not sure. Maybe, Administrative Review Board member.
    Current Work Address: 1301 Concordia Ct., Springfield, Illinois 62794

C. If your answer to B is yes, how many? __1__ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   Francisco Fernandez v. Tom Dart; Northern District of IL, Eastern Division; 1:19-cv-2823

2. Basic claim made ~~Sexual Harass~~ Sexual Harassment

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) still pending

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒  No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?  Yes ☒  No ☐

4

## V. STATEMENTS OF CLAIM

Place(s) of the occurrence _Danville Correctional Center_

Date(s) of the occurrence _November 11, 2019 — present and January 06, 2020 — present_

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

Pursuant to Illinois Statute 730 ILCS 5/3-6-3(a)(1.5); (a)(2) clause (iii); (a)(3); and (a)(4) say who is eligible to receive good time credit and even if convicted of certain class X felonies, if there isn't a finding of physical harm the person is also eligible for good time credits.

However, despite all of my efforts, accomplishments of several rehabilitative programs, and the completion of the Vocational Course of Custodial Maintenance, and my good behavior throughout my sentence, I have been consistently discriminated, by being unjustly and continuously denied the good time credit that I earned and that many other inmates have been granted.

The Statute that I have stated above is not being applied equally to me by officials mentioned in this lawsuit, as it was intended to be applied to all eligible inmates. Under the United States Constitution and law I have a right to be equally treated as others that are similarly situated.

The same officials have refused to acknowledge, validate, capriciously, the guide lines of 2 Illinois Administrative Codes. That concern the specific application of paragraph (a)(4.6) of the Illinois Statute 730 ILCS 5/3-6-3. And insist on applying paragraph (a)(4.6) of 730 ILCS 5/3-6-3 as they feel it to be appropriate. They are being derelics when they refuse to obey the law. I will site the 2 codes that I've mentioned in my explaination of the events. And they are as follows:

On August 12, 2019 I started attending classes for the Vocational Course of

5

... Custodial Maintance, at Danville Correctional Center. I was given by the teacher of the class the first of 2 contracts, for good time, to sign. On November 01, 2019 I successfully completed that first contract.

On November 04, 2019 I was given by the teacher of the class the second and final contract, for good time, to sign.

On November 11, 2019 I received a memorandum from Melissa Robbins, Records Office Supervisor, notifying me that although I had successfully completed the first contract I was not going to receive the good time credits that I had earned. Because of a past sexual offense conviction that I have. And pursuant to Illinois Statute 730 ILCS 5/3-6-3(a)(4.6) I will not be receiving any good time credits unless I provide a certificate of the complition of sex offender treatment that has been approved by the sex offender managment board.

I immideately filed a grievance. I argued that Illinois Statute 730 ILCS 5/3-6-3(a)(4.6) refers to current sexual convictions and the sexual offense that I've been convicted of is over 20 years old. Therefore, it does not apply to me.

My grievance was denied by Counselor Friese. Whom was, at the time, the counselor assigned to House-1. Which is the housing unit that I was assigned to or housed in. Mr. Friese's response was "Per IDOC offenders that have been convicted of a sex case must complete the sex offender program to be eligible to receive good time."

I also argued that even if Statute 730 ILCS 5/3-6-3(a)(4.6) did apply to me I should be awarded the good time. Because I never had a reasonable chance to participate in a sex offender treatment. Because when I was given to IDOC custody and sent to Danville C.C. to serve my sentence, I had 15 months to serve. Where there was no sex offender treatment. In fact, the only prison in Illinois that has such treatment is Big Muddy River C.C. But per Danville C.C. policy no inmate can request a transfer to any prison until he has been a minimum of 6 months at Danville C.C. When I made 6 months at Danville C.C. I automatically was disqualified because

6

I had 9 months left to serve. And another requirement of Danville C.C., is that a prisoner must have more than a year left on his sentence in order to be able to put in for a transfer to another prison.

I appeal the grievance to the Grievance Officer. R. Lueck responded to my grievance he said "offenders that are convicted sex offenders are ineligible to receive a sentence reductions." That is not true. He also said. "This includes current and previous convictions, if they have SRG registry requirements they are ineligible to receive a sentence reduction at this time." Mr. R. Luecke recommended "based on a review of all available information this grievance officer recommends this grievance be denied. Offender does not currently meet criteria." Warden, Kim Larson concurred and she signed off on it.

I then appealed the grievance to the Director to be received by the Administrative Review Board in Springfield, IL. The grievance was also denied by the ARB. I was told "No justification provided for additional consideration." And, "State Statute. Outside of IDOC jurisdiction." Travis Bayler signed off on it on 2/19/2020.

On December 23, 2019 I completed the second and final contract for good time. On January 06, 2020 I again was notified with another memorandum, by Milissa Robbins, Records Office Supervisor, that I will not be receiving any good time. I was given the same reason as in the first memorandum. I again immideately filed a grievance on it. It was too denied on all levels. A total of 56 days of good time were denied, between both contracts.

I wrote Warden, Kim Larson and asked if she could please reconsider my grievance. If she could look more into the matter. That it's much easier for her to verify my claim, given the resources she has at her disposal, mainly the internet access. It's been 5 months and I haven't received an answer. I've sent her request slips inquiring about my letter and her answer. I been simply ignored.

7

I wrote the Director of [illegible] asking him if he could take a look into the matter. Or, if he could waive the requirement of the sex offender treatment in order to obtain good time, as the statute 730 ILCS 5/3-6-3(a)(4.6) says that he can do. It's been 4 month and I haven't received and answer. Again I've been simply ignored.

I also wrote the Governor, J.B. Pritzker, asking him if he could intervine in the matter. I explained every thing that I have in this grievance to him. The Governor's Office forwarded my letter to Danville C.C.'s Assistant Warden Felicia Adkins. Ms. Adkins sent me a letter on March 2020 notifying me that she had been forwarded the letter I had sent the Governor. Ms. Adkins told me that I will not be receiving any good time until I complete a sex offender treatment. And that Danville C.C., does not have a staff licensed to provide such treatment. That Big Muddy River C.C. is the only prison that has such treatment currently. But I cannot be transfered to that prison because I have less than 12 months left to serve.

Aside from the letter I wrote each official, I just mentioned, I also sent them copies of several rehabilitative programs that I have completed. I also pointed out that I've had zero infractions, a good conduct. I explained to them that my mother's health had been on a declain. And due to the pandemic it has been getting worse. That my moder is a 70 year old disabled person. That she has several underlying conditions that make her extreemly vulnurable to covid-19. That I have no siblings. That my mother has no one to help her and has no choice but to expose herself more then neccessary to the varius. Because everything she does takes her longer to do and in more time than it does a younger, healthier person. That all that I'm seeking is to be able to get to my mother and take care of her as soon as possible. Before a preventable treagedy happens.

May of 2020 I came across new information/documentation that proves that statute 730 ILCS 5/3-6-3(a)(4.6) does not apply to me. I re-grievanced the denial of the 56 days of good time, for the complition of the Vocational Course of Custodial Maintenance.
In the new grievance I stated that 20 Illinois Administrative Code 107b, Section 107.120(h) says "Any offender convicted of a sex offense, as defiend in the Sex Offender Registration Act (730 ILCS 150), that was committed on or after June 1, 2008, shall received no statutory sentence credit unless he or she successfully completes or is participating in sex offender treatment..."

And, 20 Illinois Administrative Code 107c, Section 107.210(f) says "No offender who has been convicted of a sex offense, as defined in the Sex Offender Registration Act, committed on or after June 1, 2008 shall be awarded earned discretionary sentence credits unless he or she: 1) Successfully completes or is participating in sex offender treatment as defined by the Sex Offender Management Board..."

I was arrested at the age of 16 and charged as an adult for a sexual offense, in 1998. I was convicted of a lesser offense than the originally charged, on March 2000. November of 2000 I was paroled from prison. This is the conviction at issue. I have no other sex offenses nor have I ever violated the sex regestrion act.

Because of the sex offense conviction on my background Counselor Hanson, whom is the current counselor assigned to Housing unit 1, where I'm housed at, has been very adamit about me not qualifying for good time. According to Ms. Handson "I know the law very well and people like you don't get good time" and if you don't like it you should go back to your country." I'm an American born citizen. I am in my country.

Grievance Officer, R. Luecke denied my new grievance but not in the usual matter. Mr. R. Luecke came to the unit where I'm housed at and confronted me about writing the grievance telling me that "this matter was already settled you will not get any good

time, so stop filing grievances on the issue." I explained to him that the grievance had new information that I had just come across, and that is why I had re-grievanced the issue. After I saw the expression on his face I asked him if he'd read the grievance, to which he answerd "no", "I just read the reason stated for the grievance." I told him that he should read it so he could see what I was talking about. Mr. Luecke answered "I'm not your fuckn' counselor, I don't have to read shit!" and then he leaves. About an hour later Mr. Luecke came back to the unit and tells me. "Those codes are not complete and they don't really matter." I said how can they not matter they are part of the law. He gets mad at me and says "look people like you don't get good time" and "that shit isn't complete if I say it isn't, I say what the law is here so stop with the fuckn' grievances!" This happened on June 16th, 2020. That same day I sent the grievance to the ARB along with a letter explaining what had taken place with the grievance officer. Till today I haven not received an answer from the ARB.

    The 56 days good time, if they had been credited to me, would have changed my MSR date/parole release date from September 09, 2020 to July 15, 2020. Not to mention if I had been awarded additional good time for good conduct for good behavior. I would have been released much earlier and my mother would have been spared many preventable misfortunes.

    The ARB has a total of 6 months to answer a grievance. This means that the ARB does not have to answer my grievance until December, 2020. However, if this is allowed to continue by September 09, 2020 the grievance will be declared a "moot" issue because I will no longer be in custody of IDOC.
    Under the circumstances I believe that there exists a very strong possibility that those are the ARB's intensions.

    My mother has called the Department of Inmate Issues to inquire about the grievance. She has been given a hard time. She's been told that they can't understand what she is saying. When she asked for a spanish translator they told her that they don't have one. And after my mother trying her hardest to explain that she wanted to know the status of my grievance and what the grievance was about. She was told that they would look into it and call her back. This went on in 3 diffrent occasions. On July 15, 16, 17 of 2020.

    I have written the Prison Review Board. It's been 2½ weeks and I havent heard back from them.

    It seems that Danville C.C. arbitrarely decieds which laws, rules, codes to honore and when, if at all. It also seems that IDOC official at Springfield, Illinois are unwilling to stop Danville from continuing these practices. Their actions seem deliberate.
    Is it that the benefits/privilegs that the law provides don't apply to me?

## RELIEF REQUESTED

(State what relief you want from the court.)

I ask that this honorable court grant me an injuction, preliminary injuction, or Temporary Restraining Order that will order IDOC's officials to restore me the 56 days of earned good time credit that I have earned for the complition of the Custodial Maintenance Course.

That the "Illinois Administrative Codes sited in the lawsuit be honored and applied to statute 730 ILCS 5/3-6-3(a)(4.6) as they should be or required by law. That IDOC officials stop with their discrimination that deprives me of ~~state~~ privileges/lawful benefits inteded for all eligible prisoners.

JURY DEMAND    Yes [X]    No [ ]

Signed this __July__ day of __20__, 20__20__.

_(Signature of Plaintiff)_

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Francisco Fernandez | K80450 |
| Address: 3820 East Main Street Danville, IL 61834 | Telephone Number: 217-446-0441 |

8